**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| In re:<br><br>**SMART COMMUNICATIONS HOLDING, INC.,**<br><br>Jointly Administered with<br><br>**SMART COMMUNICATIONS COLLIER, INC.,**<br><br>Debtors. | Case No. 8:25-bk-09473-RCT<br><br><br><br>Case No. 8:26-bk-00146-RCT |
| **JANICE LOGAN, as Trustee of the James Logan Family Trust, dated February 10, 2021,**<br><br>Plaintiff,<br>v.<br><br>**SMART COMMUNICATIONS HOLDING, INC., SMART COMMUNICATIONS COLLIER, INC., LOCO FLORIDA, LLC, SMART COMMUNICATIONS YACHT HOLDING, LLC, and HLFIP HOLDING, LLC,**<br><br>Defendants. | Adv. Pro. No. 8:26-ap-00148-RCT |

**JOINT OPPOSITION TO JANICE LOGAN'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT FOR SUBSTANTIVE CONSOLIDATION**

Smart Communications Holding, Inc. ("SmartComm") and Smart Communications Collier, Inc. ("Collier" and, together with SmartComm, the "Debtors"), Loco Florida, LLC ("Loco"), Smart Communications Yacht Holding, LLC ("Yacht Holding"), and HLFIP Holding, LLC ("HLFIP" and, together with the Debtors, Loco, and Yacht Holding, the "Defendants"), file this Joint Opposition to Janice Logan's Motion for Leave to File Second Amended Complaint for Substantive Consolidation [ECF No. 14] (the "Motion") and state as follows:

## INTRODUCTION

Through the Motion, the Trust seeks to expand an adversary proceeding seeking the

extraordinary remedy of substantive consolidation while the Debtors are preparing a Chapter 11 plan, the underlying State Court judgment remains on appeal, and an overlapping request for the same practical relief has already been abated. This proceeding should be abated for the same reason the Trust's derivative standing motion[1] (the "Standing Motion") was abated: proceeding now would waste estate resources, risk inconsistent rulings, and interfere with the orderly plan process.

The prejudice from abatement is minimal. The Trust identifies no urgent need for immediate adjudication, no expiring claim, and no reason this Court must decide substantive consolidation before the plan process and pending appeal run their course. Indeed, the Trust is on its third version of a Substantive Consolidation complaint in as many months, since first initiating the adversary proceeding in early May. By contrast, the harm from proceeding now includes duplicative litigation, unnecessary and wasteful estate expense, and the possibility of inconsistent rulings regarding the same entities, assets, and corporate separateness issues. The Court should therefore abate this adversary proceeding until the plan process and State Court appeal are sufficiently resolved to determine whether the Trust's requested relief remains necessary, appropriate, or even viable.

Finally, if the Court addresses the merits of the requested amendment now, leave to amend should be denied as futile because the Proposed Second Amended Complaint (the "Proposed SAC") would not cure any of the numerous grounds for dismissal raised in Defendants' Motion to Dismiss the Amended Complaint [ECF No. 9].

## ARGUMENT

### I. This Adversary Proceeding Should Be Abated.

1. This Court should abate this adversary proceeding pending the Debtors'

[1] [ECF No. 288], Case No. 8:25-bk-09473-RCT.

forthcoming Chapter 11 plan process and resolution of the pending State Court appeal,[2] to avoid wasting estate resources, preventing a confirmable plan, and risking inconsistent outcomes.

2. First, this adversary proceeding should be stayed because it has been brought before any Chapter 11 plan has been filed or considered. Courts consistently stay adversary proceedings pending plan confirmation where the plan may resolve or moot the relief sought, because proceeding prematurely will waste judicial and estate resources if the plan ultimately addresses the same relief.[3] The Debtors are currently evaluating their assets and preparing to formulate a Chapter 11 plan, and have represented that the yacht sale proceeds, the headquarters property, or both, may ultimately be administered through a confirmed plan for the benefit of all creditors, just as a prior proposed plan in the Debtors' earlier bankruptcy case contemplated selling the yacht and contributing its proceeds to fund distributions.[4] Forcing the Debtors to litigate substantive consolidation now, before any plan has even been proposed, would usurp the plan process and impair the Debtors' flexibility to negotiate a confirmable plan. Moreover, granting the Trust leave to add Smart Communications Holding, LLC as a defendant would adversely affect SmartComm's relationships with existing clients and its ability to secure new contracts, impairing the Debtors'

---

[2] Bankruptcy courts possess broad discretionary authority to stay or abate an adversary proceeding, rooted in their inherent docket-management power, the equitable authority conferred by 11 U.S.C. § 105(a), and the procedural flexibility of Fed. R. Bankr. P. 7016(b)(3), under the balancing framework of *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) which weighs the hardship to the moving party of proceeding, the prejudice to the non-moving party from a stay, and the interests of judicial economy.

[3] *See In re Am. Cap. Equip., LLC*, 325 B.R. 372, 379 – 380 (W.D. Pa. 2005) (bankruptcy judge "uniquely qualified" to manage adversary proceedings relative to plan confirmation, since litigating first "only to subsequently discover that the proposed plan had not been confirmed would waste judicial and debtor resources"); *In re Nw. Senior Hous. Corp.*, 2025 WL 2413150, at *2 (Bankr. N.D. Tex. Aug. 20, 2025) (staying an adversary proceeding so the parties could focus on plan confirmation, then lifting the stay once the plan was confirmed).

[4] Debtors' Am. Joint Plan of Reorganization [ECF No. 183], No. 8:24-bk-07106-RCT.

ability to fund a plan and providing another basis for abatement.

3. Second, and most fundamentally, this adversary proceeding should be stayed because the State Court judgment underlying the parties' dispute remains on appeal before the Second District Court of Appeal of Florida, Case No. 2D2026-1006. Comity and judicial economy counsel strongly in favor of staying a proceeding where a pending appeal could affect, or be affected by, the issues presented, so as to avoid inconsistent rulings and preserve the appellate court's ability to decide the appeal without interference.[5] Indeed, the Trust asks this Court to relitigate, under the rubric of substantive consolidation, the same corporate-separateness and asset-ownership findings the State Court made at the Trust's insistence after years of litigation and multiple trials, and that are now under review by the Second District. Litigating consolidation now invites and risks inconsistent conclusions between this Court and the Second District on the same entities and assets, and will waste judicial and estate resources if the factual predicate for consolidation is altered or undermined once the Second District rules.

4. The Trust's own conduct in these cases confirms that abatement is the appropriate course. The relief sought in this adversary proceeding and the relief sought in the Standing Motion are materially the same: this action seeks substantive consolidation of Loco, Yacht Holding, and other non-debtor affiliates that, if granted, would bring the yacht sale proceeds and SmartComm's headquarters into the estate, while the abated Standing Motion seeks derivative standing to recover the very same yacht sale proceeds and retitle the very same headquarters property.[6]

---

5 *See, e.g.*, *In re Optical Techs., Inc.*, 325 B.R. 651, 652 (Bankr. M.D. Fla. 2005) (abating a proceeding where "the very same issues" were pending on appeal to avoid the risk that the appellate court would "decide contrary to what the bankruptcy court might decide," spawning "additional wasteful appeals").

6 *Compare generally* Proposed SAC *with* Standing Motion.

5. As the Debtors explained in their Response in Opposition to the Standing Motion,[7] the two requests are duplicative, target the same assets, and seek the same ultimate relief, differing only in procedural vehicle.[8] Consistent with that overlap, the Standing Motion was resolved at the July 9, 2026 hearing by an "Agreed Order Abating," submitted by the Trust's own counsel, rather than by a contested ruling.[9] Having agreed that its derivative standing request for this identical relief should be abated,[10] the Trust cannot now credibly insist that this adversary proceeding, seeking the same substantive relief, must proceed to judgment while the plan process and appeal remain pending.

6. Any hardship to the Trust from a stay is minimal and does not outweigh the comity, judicial economy, and estate-preservation interests favoring abatement. The Trust identifies no exigency that would require immediate adjudication of substantive consolidation, and its agreement to abate the Standing Motion confirms the absence of urgency. The estate's claims are not at risk of expiring, and no statute of limitations compels immediate action. Any stay should be tied to the Debtors' plan process and the conclusion of the pending appeal, with either party permitted to move to lift it upon a showing of changed circumstances.[11]

## II. **<u>Leave to Amend Should Be Denied Because It Is Futile.</u>**

7. Although the Trust had the benefit of reviewing Defendants' Motion to Dismiss the Amended Complaint before filing its Motion, the Proposed SAC still fails to address the numerous

---

7 [ECF No. 295], No. 8:25-bk-09473.

8 Resp. in Opp. to Janice Logan's Motion for Derivative Standing [ECF No. 295] at 7.

9 Hr'g Proceeding Mem. [ECF No. 300] at 4.

10 *Id.*

11 *See In re Donson*, 434 B.R. 471, 473 (Bankr. S.D. Tex. 2010) (abating a proceeding while expressly permitting either party to move to terminate the abatement at any time).

fatal defects in the Amended Complaint. The Motion should therefore be denied because leave to amend is futile.[12]

8. ***Judicial Estoppel:*** The Trust is judicially estopped from seeking substantive consolidation as to HLFIP based on the positions it took in the First Bankruptcy Action.[13] During the First Bankruptcy Action, the Trust successfully persuaded this Court to grant stay relief so it could challenge the validity and extent of the IP licensing arrangement between SmartComm and HLFIP.[14] That position depended on SmartComm and HLFIP being distinct legal entities, because if they were not, any transaction between them would be value-neutral (*i.e.*, merely moving money from one pocket to another).[15] The State Court recognized that SmartComm and HLFIP were, and remain, distinct legal entities and ultimately determined, in reliance on expert testimony offered by the Trust, that a valid multi-million-dollar license and royalty obligation exists between them.[16] After forcing the parties to spend millions of dollars litigating that issue, the Trust now seeks to reverse course and nullify the effect of the IP license agreement by asking this Court to treat SmartComm and HLFIP as a single consolidated entity,[17] directly conflicting with its earlier position, the relief it sought from this Court, and the ruling it obtained in the State Court litigation. The Trust is judicially estopped from advancing that theory, making leave to amend futile as to HLFIP.

---

[12] *See, e.g.*, *In re D.A.B. Constructors, Inc.*, 2026 WL 2151696, at *13 (Bankr. M.D. Fla. July 21, 2026) ("The Eleventh Circuit has recognized that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.").

[13] *See, e.g.*, *United States v. Munoz*, 112 F.4th 923, 935 (11th Cir. 2024) (stating requirements for judicial estoppel).

[14] *See* Order Granting Partial Stay Relief ¶ 3 [ECF No. 83], No. 8:24-bk-07106-RCT.

[15] *See, e.g.*, Janice's Proof of Interest [ECF No. 156], No. 8:24-bk-07106-RCT.

[16] *See, e.g.*, Am. Compl. [ECF No. 6] at Ex. 1, Order at 17.

[17] *See, e.g.*, Proposed SAC ¶ 17.

9. The Trust is also judicially estopped from seeking substantive consolidation as to HLFIP based on its conduct in the State Court action, where it explicitly maintained that SmartComm and HLFIP were legally separate, including by repeatedly asserting that HLFIP was "not a party to the valuation"[18] and by filing claims directly against HLFIP.[19] The Trust's position that SmartComm and HLFIP are separate entities was also borne out by the testimony of its IP licensing expert, who opined that "a commercially reasonable royalty rate in an exclusive license from HLFIP to SmartComm for the use of HLFIP would be 2 percent to 5 percent," which would make no sense if SmartComm and HLFIP were not separate entities.[20] Based on the Trust's positions premised on HLFIP's legal separateness, the State Court adopted the Trust's proposed royalty amount, finding "the top [of the Trust's expert's] range—5%—to be appropriate under the facts of this case,"[21] and applied that royalty to reduce the value of SmartComm using the Trust's valuation expert's methodology.[22] Having successfully persuaded the State Court to accept positions based on SmartComm and HLFIP's separateness, the Trust is judicially estopped from taking a contrary position to effectively undo years of litigation and render millions of dollars in fees being for naught.

10. ***Collateral Estoppel:*** The Trust is collaterally estopped[23] from disputing the "corporate separateness," or conversely seeking to establish the "substantial identity," of SmartComm, HLFIP, Loco, and Yacht Holding because that issue was actually litigated and

---

18 *See, e.g.*, Janice's Part 2 Phase 2 Trial Brief (DIN 2139) at 31, 48.

19 *See, e.g.*, Janice Logan's Second Am. Compl. (DIN 680) ¶¶ 248 – 254.

20 *See* Day 9 Trial Tr. at 2314:16 – 24; *see also* Am. Compl. at Ex. 1, Order at 16.

21 *See* Am. Compl. at Ex. 1, Order at 17.

22 *See* Am. Compl. at Ex. 1, Order at 31.

23 *See, e.g., In re MacQuarrie*, 2017 WL 4158337, at *3 (Bankr. M.D. Fla. Sept. 18, 2017) (stating requirements for collateral estoppel).

decided[24] in the State Court action. As set forth in Defendants' Motion to Dismiss the Amended Complaint, the State Court made findings necessary to its Final Judgment that were premised on the legal separateness of SmartComm, HLFIP,[25] Loco,[26] and Yacht Holding,[27] barring the Trust from relitigating the same issues in this adversary proceeding.

11. ***Laches:*** More than a year and a half after SmartComm first filed for bankruptcy,[28] and after the parties, at the Trust's insistence, spent millions of dollars litigating the respective interests of HLFIP, Loco, and Yacht Holding based on the Trust's representation to this Court that those matters were already "teed up,"[29] the Trust now seeks relief it could have sought in the First Bankruptcy Action. Had the Trust pursued and obtained that relief then, it would have spared the parties and the courts the extreme burden and expense of litigating the Trust's claims against HLFIP, Loco, and Yacht Holding for almost two additional years. That is precisely the kind of delayed, strategic request for equitable relief that laches forbids.[30]

12. ***Substantive Consolidation Is Inappropriate Because the Trust Is an Equity Interest Holder, Not a Creditor:*** Substantive consolidation is not available to an equity interest

---

[24] The State Court action is presently on appeal and none of SmartComm's or Defendants' statements herein should be construed as waiving or estopping any of its potential appellate arguments.

[25] *See, e.g.*, Jan. 12, 2026 Hr'g Tr. at 161:8 – 12 ("[HLFIP] is a separate legal entity, though, and ultimately the Department of Revenue, I'm sure, is going to view it as a separate legal entity.").

[26] *See* Am. Compl. at Ex. 1, Order at 29.

[27] *See* Am. Compl. at Ex. 1, Order at 26 – 27 (finding Yacht Holding held title to a yacht for which SmartComm paid rent to use).

[28] *See* Voluntary Petition for Non-Individuals Filing for Bankruptcy, No. 8:24-bk-07106 [ECF No. 1] (filed Nov. 30, 2024); *see also* Am. Compl. (filed June 16, 2026).

[29] *See* Dec. 19, 2024 Hr'g Tr. at 37:22 – 23, [ECF No. 68] No. 8:24-bk-07106-RCT.

[30] *See, e.g.*, *In re Storick*, 2020 WL 211471, at *5 (Bankr. S.D. Fla. Jan. 13, 2020) (stating requirements for laches).

holder like the Trust because it is a judicially created equitable remedy whose "***sole*** purpose . . . is to insure the equitable treatment of all ***creditors***."[31] The Trust is indisputably an equity interest holder, not a creditor.[32] Fla. Stat. § 607.1436(6), which governs SmartComm's election to purchase the Trust's interest, provides that the Trust remains a shareholder until the entry of an order directing the purchase of its shares.[33] The Trust itself has recognized as much, asserting that it "does not lose [its] status or rights as a shareholder until the court determines the value of [its] shares ***and enters a purchase order*** . . . ."[34] No party disputes that the State Court has not entered such an order.[35]

13. ***The Trust Lacks Derivative Standing:*** The Trust's failure to obtain derivative standing is a threshold standing and authority defect that the Proposed SAC cannot cure. A claim to substantively consolidate non-debtor entities into a bankruptcy estate is, by its nature, a claim belonging to that estate: it seeks to bring additional assets and liabilities into the res that only the estate's representative is authorized to administer.[36] A creditor or other non-representative party, including an equity holder like the Trust, may pursue a claim belonging to the estate only after

---

31 *See, e.g.*, *In re Augie/Restivo Baking Co.*, 860 F.2d 515, 518 (2d Cir. 1988).

32 Under 11 U.S.C. § 101(10), a "creditor" is an entity that has a "claim" against the debtor. Under § 101(16) – (17), an "equity security holder" is a holder of shares in a corporation. These categories are mutually exclusive in the distribution hierarchy, and equity holders are expressly subordinated to all creditors under § 1129(b).

33 *See* Fla. Stat. § 607.1436(6).

34 *See* Janice Logan's Emergency Mot. for Relief from Automatic Stay and Request for Comfort Order as to Claims Against Non-Debtors at 5 – 6, No. 8:24-bk-07106-RCT [ECF No. 26].

35 *See* Proposed Purchase Order with Payment Terms and Security (DIN 2332) at 1.

36 Under 11 U.S.C. § 541(a)(1), property of the estate includes all legal and equitable interests of the debtor, and a right to expand or reconstitute the estate through consolidation is exactly the kind of estate cause of action that only the estate's representative may pursue. Under 11 U.S.C. § 323(a), the trustee is the representative of the estate, and under 11 U.S.C. § 1107(a), a debtor-in-possession, like the Debtors here, exercises the trustee's rights, powers, and duties, including the exclusive authority to prosecute claims belonging to the estate.

first obtaining derivative standing from this Court.[37] The Trust filed its Complaint without making a demand on the Debtors' CRO or the debtor-in-possession ("DIP") to pursue consolidation, without obtaining a refusal from the DIP, and without seeking or obtaining court authorization to pursue this remedy derivatively on behalf of the estate. Indeed, the Trust's recently abated Standing Motion did not even seek derivative standing to pursue substantive consolidation in the first instance.[38]

14. ***The Trust Failed to Provide Notice to Any Creditors of HLFIP, Loco, or Yacht Holding:*** Substantive consolidation "almost invariably redistributes wealth among the creditors of the various entities."[39] For that reason, courts have uniformly required that the movant give adequate notice to all affected creditors, not just the entities the movant seeks to consolidate, before a court may order substantive consolidation.[40] Here, the Trust served only the Defendant entities. It did not serve or provide notice to any creditors of HLFIP, Loco, or Yacht Holding.

## CONCLUSION

15. For the foregoing reasons, Defendants respectfully request that this Court enter an order abating this adversary proceeding or, in the alternative, denying leave to amend as futile.

---

37 *In re Cyberco Holdings, Inc.*, 431 B.R. 404, 432 (Bankr. W.D. Mich. 2010) (holding that "it is the trustee of the estate, as opposed to a creditor or other interested party, who alone has standing under Section 542 to seek the relief contemplated by that section"); *In re Drs. Hosp. of Hyde Park, Inc.*, 308 B.R. 311, 322 – 323 (Bankr. N.D. Ill. 2004) (requiring at minimum the DIP's joinder or a demand-and-refusal showing); *see also In re Stewart*, 571 B.R. 460, 467 (Bankr. W.D. Okla. 2017).

38 *See generally*, Standing Mot.

39 *Eastgroup*, 935 F.2d at 248 (citation omitted).

40 *See Drabkin v. Midland-Ross Corp. (In re Auto-Train Corp.)*, 810 F.2d 270, 278 – 279 (D.C. Cir. 1987) (holding creditor could collaterally attack nunc pro tunc consolidation order due to inadequate notice; notice must be "given in such a manner that is likely to reach its intended audience" and "must reasonably inform the recipient of the nature of the upcoming proceeding"); *In re AAPC, Inc.*, 277 B.R. 785, 789 – 790 (Bankr. D. Utah 2002); *Morse Operations, Inc. v. Robins Le-Cocq, Inc. (In re Lease-A-Fleet, Inc.)*, 141 B.R. 869, 873 (Bankr. E.D. Pa. 1992).

Date: August 17, 2026

Respectfully submitted,

By: */s/ Eyal Berger*
Eyal Berger, Esq.
Florida Bar No: 011069
eyal.berger@akerman.com
**AKERMAN LLP**
201 E. Las Olas Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 463-2700
Fax: (954) 463-2224

*Counsel for Smart Communications Holding, Inc. and Smart Communications Collier, Inc.*

- and –

*/s/ R. Scott Shuker*
R. Scott Shuker, Esq.
Florida Bar No. 984469
rshucker@shukerdorris.com
**SHUKER & DORRIS, P.A.**
121 So. Orange Avenue, Suite 1120
Orlando, FL 32801
Tel: (407) 337-2060
Fax: (407) 337-2060

*Counsel for Loco Florida, LLC, Smart Communications Yacht Holding, LLC and HLFIP Holding LLC*

*Filer's Attestation: Pursuant to Local Rule 1001-2(g)(3) regarding signatures, Eyal Berger attests that concurrence in the filing of this paper has been obtained.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 17, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

*/s/ Eyal Berger*
Eyal Berger, Esq.